UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD McKINNEY,

    Plaintiff,

    v.

STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,

    Defendants.

CASE NO. C05-691JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on two motions for partial summary judgment by Plaintiff Richard McKinney (Dkt. ## 19, 24); a motion to continue (Dkt. # 22) and a cross-motion for summary judgment (Dkt. # 42) by Defendants. Having considered the papers filed in support and in opposition, the court DENIES Plaintiff's first motion (Dkt. # 19), DENIES Defendants' motion to continue (Dkt. # 22), DENIES in part and GRANTS in part Plaintiff's second motion (Dkt. # 24), and CONTINUES Defendants' cross-motion (Dkt. # 42) for the reasons stated below.

## II. BACKGROUND

Plaintiff lost custody of his children pursuant to an agreed parenting plan order, filed in King County Superior Court in December of 2002. Freimund Decl., Exh. 1.

ORDER – 1

Subsequently, Plaintiff filed two separate suits in state court – one against his ex-wife, Mary Cunniffe, for alienation of his child's affections, and one against the Defendants, Washington State Department of Social and Health Services ("DSHS") and two of its employees, social workers Ken Kramer and Michael Saunderson. In his complaint against DSHS and its social workers, Plaintiff alleges, among other claims, equal protection and due process violations, tortious interference with his parental rights, and negligence in investigating claims of misconduct toward his children. Defendants removed to this court.

Although discovery does not close in this matter until July 24, 2006, Plaintiff now moves for partial summary judgment to attack two affirmative defenses. Defendants filed a cross-motion for summary judgment on grounds of judicial estoppel and qualified immunity as part of its response to Plaintiff's second motion.

### III. ANALYSIS

**A.   Legal Standard**

On a motion for summary judgment, the court is constrained to draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

ORDER – 2

Where the non-moving party demonstrates that it needs additional discovery to oppose a summary judgment motion, the court has wide discretion to deny summary judgment or grant additional time for the non-moving party to conduct discovery. Fed. R. Civ. P. 56(f); <u>Burlington Northern & Santa Fe R.R. Co. v. The Assiniboine</u>, 323 F.3d 767, 773-74 (9th Cir. 2003). That is, a party must have an adequate opportunity to develop its claims or defenses before summary judgment is appropriate.

**B.     Plaintiff's First Motion[1] for Partial Summary Judgment on Defendants' Eleventh Affirmative Defense**

Defendants plead the following affirmative defense: "the damages and/or injuries sustained, if any, were proximately caused by the negligent actions and/or omissions of third persons over whom this defendant had no control." Defs.' Answer (Dkt. # 4, Part 3 at 19). In response to an interrogatory on the same subject, Defendants identify Plaintiff's wife and children as persons with a nexus to Plaintiff's claimed injuries. Pl.'s 1st Mot; Exh. 2. Plaintiff now attempts to foreclose Defendants' eleventh affirmative defense by arguing that Defendants are not permitted by Washington law to apportion fault to Plaintiff's ex-wife and children. In support of his motion, Plaintiff cites to an unpublished opinion of the Washington Court of Appeals which held that Plaintiff's suit against his ex-wife failed as a matter of law based on public policy considerations. Pl.'s 1st Mot., Exh. 1. Plaintiff also cites to state law authority interpreting Washington's comparative fault statute, RCW § 4.22.070. Defendants request that the court continue the motion under Fed. R. Civ. P. 56(f) ("Rule 56(f)") in order to allow time for the Washington Supreme Court to accept or deny Plaintiff's petition to review the dismissal of his suit against his ex-wife.

---

[1] For ease of reference, the court considers Plaintiff's motions in calendar sequence. Thus, the "first" motion is in reference to docket no. 19 and the "second" motion is in reference to docket no. 24.

ORDER – 3

Plaintiff's first motion for partial summary judgment is premature. At bottom, Plaintiff's motion is an attempt to gain the court's preemptive ruling to bar Defendants from negating the causation element of one of his claims.[2] The court notes, as a general matter, that a defendant is entitled to shepherd evidence and attempt to prove that the "empty chairs" in a lawsuit are the proximate cause of the injuries alleged. See, e.g., Geurin v. Winston Industries, Inc., 316 F.3d 879, 884 (9th Cir. 2002) (reversing district court's partial summary judgment on manufacturer's affirmative defense of third-party liability where discovery still open). Indeed, the state court rules in effect when Defendants filed their Answer, require parties to plead such an affirmative defense or risk waiver. Wash. Super. Ct. Civ. R. 8(c), 12(i).[3] Neither party cites any binding on-point authority that would dictate a different result where the empty chair is a spouse or a child. The court is unwilling, at this juncture, to assume the application of an unpublished, non-binding state court dismissal that nowhere discusses causation in the context of an empty chair defense. Accordingly, the court DENIES Plaintiff's motion without prejudice.

For similar reasons, the court declines to exercise its discretion to certify to the Washington Supreme Court Plaintiff's selection of issues that he claims are determinative in the instant matter, namely, the apportionment of fault to a nonparty (his ex-wife and children) and the applicability of Tegman v. Accident & Medical Investigations, Inc., 75

---

[2] Notably, Plaintiff's federal claim under 42 U.S.C. § 1983 requires him to prove causation, although Plaintiff confines his argument to the propriety of apportioning fault to a non-party, his ex-wife, solely in relation to his state law negligence claim.

[3] Subsection 12(i), entitled "Nonparty at Fault" reads, in relevant part, "Whenever a defendant . . . intends to claim for purposes of RCW 4.22.070(a) that a nonparty is at fault, such claim is an affirmative defense which shall be affirmatively pleaded by the party making the claim." Wash. Super. Ct. Civ. R. 12(I).

ORDER – 4

P.3d 497 (Wash. 2003).  It is premature to say that either question is determinative; indeed, Defendants have not yet argued that Tegman even applies to this action.

The court also denies Defendants' Rule 56(f) motion to continue on the grounds presented.  Defendants' request requires this court to assume that the issues raised in Plaintiff's suit against his ex-wife resolve questions of causation in the instant matter.  The court need not reach the question at this time.

**C.     Plaintiff's Second Motion for Partial Summary Judgment on Defendants' Third Affirmative Defense**

Defendants' third affirmative defense states: "plaintiff's action against this defendant is barred by the doctrine of res judicata and/or collateral estoppel."  On Plaintiff's second motion for partial summary judgment, Plaintiff again seeks adjudication over the propriety of one of Defendants' affirmative defenses.  In doing so, Plaintiff asks this court to join him in the mental exercise of predicting how Defendants will attempt (and supposedly fail) to apply their third affirmative defense to as-yet unspecified claims.  Pl.'s 2nd mot. at 2.  In response, Defendants contend that the action should be dismissed on the related ground of judicial estoppel or on qualified immunity.  Defendants do not address the preclusion doctrines briefed by Plaintiff.  In reply, Plaintiff chastises Defendants for their change in litigation strategy.

Defendants do not appear to dispute the inapplicability of res judicata and collateral estoppel to this case.  Accordingly, the court GRANTS Plaintiff's motion for partial summary judgment on the collateral estoppel and res judicata issue.

As to Defendants' cross-motion for summary judgment on grounds of judicial estoppel and qualified immunity, the court CONTINUES Defendants' motion to allow additional time for Plaintiff to respond to the qualified immunity question.  In filing their cross-motion, Defendants failed to provide adequate notice to allow Plaintiff time to respond – which Plaintiff dramatizes as a "breathtaking display of hubris."  Pl.'s 2nd

ORDER – 5

Reply at 1. Plaintiff is indeed entitled to notice of the additional grounds raised in Defendants' cross-motion. See Cunningham v. Rothery, 143 F.3d 546, 549 (9th Cir 1998). To that end, the court renotes Defendants' motion for Friday, March 17, 2006, with Plaintiff's opposition due no later than Monday, March 13th, and Defendants' reply (if any) due no later than the noting date.[4] Local Rules W.D. Wash. CR 7(d). The court directs the parties to limit any additional briefing solely to the question of qualified immunity.

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's first motion (Dkt. # 19), DENIES Defendants' motion to continue (Dkt. # 22), DENIES in part and GRANTS in part Plaintiff's second motion (Dkt. # 24), and CONTINUES Defendants' cross-motion (Dkt. # 42). The court renotes Defendants' cross-motion for consideration by the court on Friday, March 17, 2006.

Dated this 9th day of February, 2006.

       JAMES L. ROBART
       United States District Judge

---

[4] The court grants ample time for Plaintiff to file opposition papers based on his indication that he is undergoing surgery sometime between now and March 15th (and will be leaving the state on two occasions).

ORDER – 6