UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD McKINNEY,

        Plaintiff,

    v.

STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,

        Defendants.

CASE NO. C05-691JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff's third motion for partial summary judgment (Dkt. # 39) and Defendants' cross-motion for summary judgment (Dkt. # 42). For the reasons stated below, the court DENIES Plaintiff's motion for partial summary judgment and DENIES in part and CONTINUES in part Defendants' cross-motion for summary judgment until May 30, 2006.

## II. BACKGROUND & ANALYSIS

Plaintiff lost custody of his children pursuant to an agreed parenting plan order, filed in King County Superior Court in December of 2002. Subsequently, Plaintiff filed suit against the Defendants, Washington State Department of Social and Health Services ("DSHS") and two of its employees, social workers Ken Kramer and Michael

ORDER – 1

1  Saunderson.  Plaintiff alleges, among other things, equal protection and due process
2  violations, tortious interference with his parental rights, and negligence in investigating
3  claims of misconduct toward his children.  Defendants removed to this court based on the
4  federal constitutional violations alleged under 42 U.S.C. § 1983 ("section 1983").

5        On a motion for summary judgment, the court is constrained to draw all inferences
6  from the admissible evidence in the light most favorable to the non-moving party.  Addisu
7  v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is
8  appropriate where there is no genuine issue of material fact and the moving party is
9  entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears
10 the initial burden to demonstrate the absence of a genuine issue of material fact.  Celotex
11 Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden,
12 the opposing party must show that there is a genuine issue of fact for trial.  Matsushita
13 Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  The opposing
14 party must present significant and probative evidence to support its claim or defense.
15 Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

16 **A.  Plaintiff's Partial Summary Judgment Motion**

17       In his third motion for partial summary judgment, Plaintiff contends that DSHS
18 and Mr. Kramer are liable for negligence as a matter of law for failure to comply with
19 certain provisions of a practices and procedures manual that purportedly governs the
20 practices of employees within DSHS's division of Child Protective Services ("the CPS
21 manual").  Plaintiff alleges that, contrary to the CPS manual's directive, Mr. Kramer (and
22 presumably, by vicarious association, DSHS) failed to make collateral contacts, visit
23 Plaintiff's home and interview Plaintiff.  In support of his motion, Plaintiff submits an
24 excerpt from the CPS manual, which Defendants contend is inadmissible because it lacks
25 authentication.

26       The court concludes that there remains a genuine issue of fact for trial on the issue
27 of liability for negligence.  As Plaintiff concedes, the Washington legislature adopted
28 RCW § 5.40.050, which provides that a violation of a statute or administrative regulation

ORDER – 2

is merely *evidence* of negligence – not negligence *per se*.  See RCW § 5.40.050 ("A breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence . . .").  Similarly, failure to follow internal policies and directives which generally lack the force of law, may "provide evidence of the standard of care and therefore be evidence of negligence." Joyce v. Dept. of Corrections, 119 P.3d 825, 834 (Wash. 2005).

Here, even setting aside the admissibility issues concerning Plaintiff's evidence (of which there are several), the court concludes that there remain issues of fact for the jury. Bodin v. City of Stanwood, 927 P.2d 240, 246 (Wash. 1996) ("Whether one charged with negligence has exercised reasonable care is ordinarily a question of fact for the trier of fact.").  As just one example, on the face of the CPS manual provisions cited by Plaintiff, there are several points of juncture at which a social worker must exercise discretion. Pl.'s Part. Summ. J. Mot., Exh. R at 2 (directing social worker to contact collateral sources when "*sufficient* information is not available from the referrer"); id. (same where "it is *necessary* to verify or clarify an allegation"); id. at 3 (same where information "would be *useful* in arriving at the Intake risk tag"); id. at 3 (directing social worker to "make collateral contacts as *soon as possible* . . . unless . . . an *immediate* response is required") (emphasis added).  On this point alone, Plaintiff fails to meet his initial burden to demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. That is, the selected manual provisions that themselves contain blurry lines for decision-making, without more, cannot provide a basis for this court to determine liability as a matter of law.  In any case, Defendants cite various judgment calls made by Mr. Kramer[1] that raise a disputed fact about whether Mr. Kramer breached the CPS provisions in the

---

[1] Although Defendants fail to attach their own declaration or an authenticated copy of Mr. Kramer's deposition, the reference to Plaintiff's submission of the same is sufficient for purposes of this motion.

ORDER – 3

first instance. As such, the court denies Plaintiff's motion for summary judgment on the question of liability.

**B.     Defendants' Cross-Motion for Summary Judgment**

**1.     Absolute and/or Qualified Immunity**

Typically, the court would receive a motion for summary judgment or a motion to dismiss on the issue of absolute and/or qualified immunity from a defendant as to each alleged constitutional violation asserted by a plaintiff and in reference to the particular conduct in question. In this case, Defendants raised the immunity issue in a somewhat cursory fashion in a six-page cross-motion (Dkt. # 42) which primarily addressed a judicial estoppel defense. Plaintiff requested additional time to respond to Defendants' cross-motion, which the court granted solely for purposes of addressing the immunity question (Dkt. # 46). The court renoted the motion several weeks out and provided scheduling for an opposition brief by Plaintiff and a reply by Defendants.

Regrettably, the provision of additional time appears to have muddied, rather than clarified, the dispute over the immunity question. In his briefing, Plaintiff has focused considerable energy on how the immunity question relates to issues raised by the judicial estoppel defense, likely because Defendants had intertwined both issues in their cross-motion. Defs.' Cross-Mot. at 6 ("[T]his estoppel establishes that defendants are entitled to qualified and/or absolute immunity."). The court did not anticipate this conflation of the issues and is troubled by the fact that some of Plaintiff's briefing is far afield from what the court originally perceived as a straight-forward request for additional briefing on the routinely litigated question of whether or not the immunity defense should bar a section 1983 claim against a social worker or state agency.

At this juncture, the court continues Defendants' cross-motion because the court has determined that Plaintiff may be prejudiced by the fact that he was unable to fully anticipate the contours of Defendants' arguments, raised primarily in reply. Accordingly, the court continues Defendants' motion in order to allow Plaintiff another opportunity to respond to the qualified and/or absolute immunity defense. If he wishes, Plaintiff may

ORDER – 4

file a response not to exceed twenty-four (24) pages on or before May 30, 2006.  In filing his submission, the court strongly cautions Plaintiff that voluminous exhibits that have little or nothing to do with the current dispute provide no aid to the court in reaching a decision and worse, exhausts the court's resources and patience.  Plaintiff's recent tome's worth of exhibits – some 400 pages – is not the first example of his failure to exercise discretion in this regard.  Plaintiff should indicate the relevance of a particular item and identify the portion of the record by exhibit and page number where the information can be found; the court is not required to comb through the exhibits to find a triable issue of fact.  Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1029-30 (9th Cir. 2001).  To date, piecing together the relevant facts in this case has been no easy task.

**2.    Judicial Estoppel**

Lastly, as to the judicial estoppel defense, the court declines to invoke its discretion to bar Plaintiff's claims on such grounds.  In their cross-motion, Defendants contend that judicial estoppel is appropriate because Plaintiff stipulated to a parenting plan that granted custody of Plaintiff's children to their mother and agreed to dismissal of the dependency petitions filed by Defendants.  Based on the record before it, there is insufficient evidence to suggest that Plaintiff has attempted to "play[] fast and loose with the courts" to gain an unfair advantage in two separate proceedings. New Hampshire v. Maine, 532 U.S. 742, 749-51 (2001).  Thus, the court DENIES Defendants' cross-motion for summary judgment on the ground of judicial estoppel.

### III.  CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's motion for partial summary judgment (Dkt. # 39) and DENIES in part and CONTINUES in part Defendants' cross-motion (Dkt. # 42) for consideration on May 30, 2006.

Dated this 11th day of May, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 5